ATOFINA PETROCHEMICALS, INC.
F/K/A Fina Oil & Chemical Co.,
Petitioner,

v.

CONTINENTAL CASUALTY
CO., Respondent.

No. 04–0170.

Supreme Court of Texas.

Dec. 16, 2005.

Rehearing Denied March 31, 2006.

Pamela Stanton Baron, Austin, George W. Lederer Jr., Crain Caton & James, Keli Crandall Viereck, Atofina Petrochemicals, Inc., Houston, for Petitioner.

Richard C. Rutledge, Kirby Deloach Hopkins, Drucker, Rutledge & Smith, L.L.P., Jane A. McClaine, Drucker Rutledge Ward & Smith, LLP, The Woodlands, for Respondent.

PER CURIAM.

A & B Builders, Inc. was hired to erect steel for construction on premises owned by ATOFINA Petrochemicals, Inc. (Fina). An A & B employee, Larry Don Wisdom, was injured unloading steel for A & B on Fina's property. When Wisdom sued Fina and others for negligence, Fina requested coverage and a defense as an additional insured under A & B's comprehensive general liability policy. Although the trial court granted summary judgment in Fina's favor, the court of appeals determined that Fina was not an additional insured at the time of the accident, and further, that coverage for Wisdom's claims against Fina was barred by a policy exclusion. Because we conclude Fina was an additional insured and coverage was not excluded, we reverse the court of appeals' judgment and reinstate the judgment of the trial court.

A & B carried workers' compensation coverage and comprehensive general liability insurance provided by Continental Casualty Company. Because A & B was generally required to add the premises owner to its coverage when working at various sites, the liability policy contained an additional insured endorsement as follows:

IF YOU ARE REQUIRED TO ADD ANOTHER PERSON OR ORGANIZATION AS AN ADDITIONAL INSURED ON THIS POLICY UNDER A WRITTEN CONTRACT OR AGREEMENT CURRENTLY IN EFFECT,

OR BECOMING EFFECTIVE DURING THE TERM OF THE POLICY, AND A CERTIFICATE OF INSURANCE LISTING THAT PERSON, OR ORGANIZATION, AS AN ADDITIONAL INSURED HAS BEEN ISSUED, THEN WHO IS AN INSURED (SECTION II) IS AMENDED TO INCLUDE AS AN INSURED THAT PERSON, OR ORGANIZATION (CALLED "ADDITIONAL INSURED").

On August 12, 1997, A & B submitted to Fina a written construction proposal, which included a commitment to provide insurance to Fina as the premises owner. The proposal stated:

> A & B Builders, Inc. is pleased to offer our proposal to furnish labor, tools, material (not furnished by Fina), equipment, insurance and supervision to complete steel erection for the [Administration–Laboratory Building and Locker Room].

On the same day, Fina orally accepted the proposal and created purchase requisitions referencing purchase order numbers for the job in accordance with the proposal. Fina's representative faxed the purchase requisitions to A & B before A & B started work. Also on August 12, A & B's representative immediately requested a certificate of insurance naming Fina as an additional insured from an authorized representative in A & B's parent company's insurance department. Based on Fina's oral acceptance of the proposal and faxed copies of the purchase requisitions, A & B began work at Fina's site on August 14. The certificate of insurance issued on August 18. Hard copies of Fina's purchase orders, which purported to "contain[ ] the entire agreement between the parties hereto" and did not mention insurance, subsequently issued August 22 and 25.

On the first day of the job, August 14, Wisdom was injured. Following the accident, Wisdom sued Fina and two other defendants for personal injury, alleging his injuries were caused "by the total negligence and carelessness of Defendants." Specifically, Wisdom alleged Fina was negligent: "1. In failing to properly supervise; 2. In issuing a permit to unload unbanded steel with a forklift; 3. In failing to supply a cherry picker for unloading the unbanded steel; 4. In rushing the unloading process and demanding that A & B proceed to unload unbanded steel without proper equipment; 5. In failing to supply a safe workplace; and 6. In allowing an unsafe activity on its premises." Refusing to provide coverage or a defense for Fina, Continental intervened in the suit to recover medical expenses and workers' compensation benefits paid to Wisdom. Fina counter-claimed against Continental for breach of contract and bad faith, and Continental counter-claimed for declaratory relief. The coverage claims were ultimately severed from the suit.

The trial court rendered partial summary judgment, holding Fina was an additional insured under the blanket additional insured endorsement in the liability policy and coverage for Fina as an additional insured was not barred by an exclusion in the policy. The trial court rendered judgment for Fina in the amount of $365,751.61. The court of appeals reversed and rendered judgment that Fina take nothing, holding Fina was not an additional insured, and, alternatively, if Fina were an additional insured, an exclusion in the policy barred Fina's claims.

■ Fina argues it was an additional insured under the additional insured endorsement at the time of the accident. We agree. Fina orally accepted A & B's written proposal on August 12; thus, as of that date, A & B and Fina had a written con-

tract that required A & B to provide insurance covering the Fina property. *See Simmons & Simmons Constr. Co. v. Rea,* 155 Tex. 353, 286 S.W.2d 415, 419 (1955) (holding "a written instrument signed by one party and expressly accepted orally by the other becomes a written contract"). In addition, Fina executed a written agreement when its project manager signed the purchase order requisitions on August 12.

■ Continental argues A & B's agreement to furnish insurance to Fina was not sufficiently definite to create additional insured status for Fina. We disagree. Although it did not specify the type of insurance coverage or policy limits, the construction contract that stated A & B's obligation to "furnish ... insurance" contained all of the material terms of the contract. We note that Fina presented evidence in the trial court that Fina and A & B had worked together before and that A & B understood Fina required that it be named an additional insured on A & B's policy for any work A & B did for Fina, as was standard practice in the industry and of Fina and A & B. Because Fina and A & B had a standing requirement that Fina was to be added to A & B's existing policy, the coverage and policy limits were provided by the existing policy. Thus, the contract was sufficiently definite for the parties to understand their obligations. *See T.O. Stanley Boot Co. v. Bank of El Paso,* 847 S.W.2d 218, 221 (Tex.1992) ("[A] contract must be sufficiently definite in its terms so that a court can understand what the promisor undertook.").

Fina argues the court of appeals erred by imposing unstated requirements—that the contract provide the types of coverage and the policy limits—as a bar to coverage. We agree. The additional insured endorsement in the policy does not specifically require the written construction contract to state the amount or type of coverage, only the name of the person or organization to be included as an additional insured. In fact, the additional insured endorsement goes on to state: "THE LIMITS OF LIABILITY FOR THE ADDITIONAL INSURED ARE THOSE SPECIFIED IN THE WRITTEN CONTRACT, OR AGREEMENT, OR IN THIS POLICY, WHICHEVER IS LESS." Thus, if the construction contract fails to set out a different amount of coverage, the additional insured coverage is limited to the policy limits.

■ Continental argues the purchase orders issued on August 22 and 25 supersede the commitment to furnish insurance in the initial written proposal. We disagree. The purchase orders do not override the original insurance commitment because the orders are consistent with the original construction contract. *See Hubacek v. Ennis State Bank,* 159 Tex. 166, 317 S.W.2d 30, 32 (1958). Even if the purchase orders superseded the August 12 agreement, the orders do not affect the coverage question, which looks only at August 14, the date of the accident. As of that date, Fina and A & B were performing under a written construction contract that included an obligation to furnish insurance.

■ Continental argues Fina is not an additional insured because a certificate of insurance naming Fina as an additional insured was not issued prior to the accident. Continental claims strict adherence to the contract language is important to avoid the problem of interested parties, such as Fina and A & B, working together to create coverage after the fact. While we agree that the prudent practice is to obtain a certificate of insurance before beginning work under the contract, we disagree that the delay in issuance of the certificate in this case precludes Fina from

being an additional insured. Nothing in the record indicates that Fina and A & B attempted to manufacture coverage after the accident. In addition, nothing in the liability policy indicates that issuance of a certificate is a condition precedent to Fina's becoming an additional insured. In construing contracts, the terms will generally be construed as a covenant unless the contract contains specific conditional language. *Criswell v. European Crossroads Shopping Ctr., Ltd.*, 792 S.W.2d 945, 948 (Tex.1990). Here, the policy contains no such language, and the additional insured endorsement did not require the certificate to issue prior to the commencement of work or prior to loss. A & B's representative requested a certificate of insurance on August 12, before the accident, but the certificate was not issued until August 18, four days after the accident. The certificate itself states that it "IS ISSUED AS A MATTER OF INFORMATION ONLY AND CONFERS NO RIGHTS," and Continental's representative admitted the certificate date does not necessarily affect coverage. We hold the issuance of the certificate does not affect Fina's status as an additional insured and that Fina was an additional insured at the time of the accident.

■ Continental argues that even if Fina were an additional insured, the claims against Fina were excluded under the policy. We disagree. The policy limited the insurance for an additional insured as follows:

> 1. THAT PERSON, OR ORGANIZATION, IS ONLY AN ADDITIONAL INSURED FOR ITS LIABILITY ARISING OUT OF PREMISES "YOU" OWN, RENT, LEASE OR OCCUPY OR FOR "YOUR WORK" FOR OR ON BEHALF OF THE ADDITIONAL INSURED; AND

> 2. THE INSURANCE AFFORDED THE ADDITIONAL INSURED UNDER THIS ENDORSEMENT DOES NOT APPLY TO . . . ANY LIABILITY ARISING OUT OF ANY ACT, ERROR OR OMISSION OF THE ADDITIONAL INSURED, OR ANY OF ITS EMPLOYEES. . . .

As Fina argues, Paragraph 1 of the endorsement extends broad coverage to Fina on all matters arising out of A & B's work. *See Admiral Ins. Co. v. Trident NGL, Inc.*, 988 S.W.2d 451, 454 (Tex.App.—Houston [1st Dist.] 1999, pet. denied); *McCarthy Bros. Co. v. Cont'l Lloyds Ins. Co.*, 7 S.W.3d 725, 730 (Tex.App.—Austin 1999, no pet.); *Mid–Continent Cas. Co. v. Swift Energy Co.*, 206 F.3d 487, 498 (5th Cir.2000).

■ Fina contends Paragraph 2 excludes Fina's sole negligence. We adopt this reasonable construction. *See Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex.1991) (holding a court "must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable, even if the construction urged by the insurer appears to be more reasonable or a more accurate reflection of the parties' intent"). In addition, we adopt Fina's construction because Continental's interpretation that the exclusion bars all coverage when any negligence on the part of the premises owner is pleaded, unless the owner's responsibility is based solely on vicarious liability for the acts of the contractor, would render coverage under the endorsement largely illusory. *See Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 828 (Tex.1997); *see also Redinger v. Living, Inc.*, 689 S.W.2d 415, 418 (Tex.1985) (noting a premises owner has no vicarious liability for the acts of an independent contractor performing work on a site, but is liable for the contractor's

work only if the premises owner exercises control over the contractor's work).

Continental argues the claims against Fina and any resulting liability arose solely out of Fina's acts and omissions. Despite the asserted legal theories, the pleadings contain factual allegations of injuries caused by A & B's negligence while working at Fina's facility—allegations which are covered by the policy. *See Nat'l Union Fire Ins. Co. v. Merchs. Fast Motor Lines, Inc.,* 939 S.W.2d 139, 141 (Tex.1997) (per curiam) (holding, in determining the duty of a liability insurance company to defend a lawsuit, "the court must focus on the factual allegations that show the origin of the damages rather than on the legal theories alleged"). Accordingly, we reverse the court of appeals' judgment and reinstate the trial court's judgment that Fina was an additional insured at the time of the accident and its claims were not barred by the exclusion in the policy.