PER CURIAM: *
This is an appeal from the district court’s order holding that Defendant/Appellee Colony Insurance Co. (“Colony”) had no duty to defend Plaintiffs/Appellants Mainland Drilling LP et al. (“Mainland”) under its insurance policy from claims brought by state-court plaintiff Chaparral Energy L.L.C. (“Chaparral”). The district court held that Chaparral’s claims fell under an exclusion to the insurance policy that barred claims from a “co-owner of the working interest.” Finding no error, we AFFIRM.
1. Mainland first argues that the district court’s reading of the “co-owner of the working interest” exclusion would render coverage illusory for five hazards outlined in the policy, because such hazards are those typically faced by an owner of a mineral lease. However, the district court’s reading of the exclusion does not bar claims from all owners of a working interest in a mineral lease, just one who either (a) “ [participates in the operating expense of such properties” or (b) “[h]as the right to participate in the control development or operations of such properties,” as the term “co-owner of the working interest” is exclusively defined in the policy. Further, even if coverage for some of these hazards might not apply to an owner of a working interest in a mineral lease in some contexts, coverage for all of these hazards certainly could apply to a third party such as the owner of an adjacent property. Because there remain circumstances under which Colony remains obligated to provide coverage for the hazards outlined in the policy against other classes of claimants, coverage has not been rendered illusory. Accord ATOFINA Petrochems., Inc. v. Cont’l Cas. Co., 185 S.W.3d 440, 444 (Tex.2005) (noting that defendant’s “interpretation that the exclusion bars all coverage when any negligence on the part of the premises owner is pleaded, unless the owner’s responsibility is based solely on vicarious liability for the acts of the contractor, would render coverage under the endorsement largely illusory”) (emphasis added).
2. Mainland next argues that the district court erred in finding that Chaparral was a “co-owner of the working interest” because Chaparral’s pleadings demonstrate that Chaparral neither (a) participated in the operating expenses *463 of the mineral lease nor (b) retained the right to participate in the control and development or operations of the lease. Mainland is incorrect on both counts. Looking to the Daywork Agreement between Mainland and Chaparral (which Chaparral expressly incorporated into its petition), we see that the parties contracted for Chaparral to provide dozens of tools and services for the oil-drilling operation. Chaparral’s petition further alleges that Chaparral furnished various materials throughout the operation when Mainland failed to do so. In addition, the Daywork Agreement specifically reserved to Chaparral the right of direction and control over the entire operation. Whether Chaparral ever chose to exercise that right is irrelevant for purposes of the insurance policy. Therefore, the district court did not err in holding that Chaparral met both disjunctive prongs of the term “co-owner of the working interest.”
3. Mainland also argues that Chaparral claimed damages both before and after the Daywork Agreement was in effect, thus taking some matters of coverage outside the policy exclusion. This argument is wholly without merit. Any damages claimed before the Daywork Agreement was in effect were also before the insurance policy was in effect, and were therefore necessarily excluded from coverage. The Chaparral petition also demonstrates that all damages to Chaparral stem directly from Mainland’s alleged failure to perform its duties under the Daywork Agreement, under which Chaparral was a “co-owner of the working interest.”
4. Finally, Mainland argues that even if Chaparral satisfies the definitional prongs of the term “co-owner of the working interest” as it appears in the policy, Chaparral does not satisfy the general meaning of the term. Specifically, Mainland argues that it owns no working interest in the well, and therefore Chaparral does not “co-own” anything with Mainland. The mineral ownership of Mainland is irrelevant to the policy definition of “co-owner.” Moreover, the term “co-owner of the working interest” is specifically defined in the policy, and Chaparral satisfies both prongs of that definition. Inasmuch as there exists a tension between the policy’s definition and any other definition, the definition in the policy controls. See Provident Life & Accident Ins. Co. v. Knott, 128 S.W.3d 211, 219 (Tex.2003) (“When terms are defined in an insurance policy, those definitions control the interpretation of the policy.”).
AFFIRMED.

 Pursuant to 5th Cir R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Cir. R. 47.5.4.