**Affirmed and Opinion filed February 16, 2012.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-10-01128-CV

_____

**CONTINENTAL CASUALTY COMPANY AS SUBROGEE OF TRAFFIC SYSTEMS CONSTRUCTION, INC., Appellant,**

**V.**

**AMERICAN SAFETY CASUALTY INSURANCE COMPANY, Appellee.**

**On Appeal from the 80th District Court
Harris County
Trial Court Cause No. 2009-32967**

## OPINION

In this insurance-coverage dispute, Continental Casualty Company, as subrogee of Traffic Systems Construction, Inc., appeals the trial court's summary judgment for American Safety Casualty Insurance Company.  The case concerns Traffic's status as an additional insured under a commercial-liability policy American Safety issued to Williams Underground.  Williams was a subcontractor under Traffic in a road-construction project for the City of Houston.  Jason Maxwell, an employee of Williams, was injured by a vehicle driven by a third party while working on the project.

Maxwell sued Traffic, Williams, and the third-party driver for negligently causing his injuries. The insurance policy American Safety issued to Williams contains an additional-insured endorsement. For Maxwell's claims against it, Traffic sought coverage from American Safety as an additional insured under this endorsement. American Safety refused coverage, asserting that Maxwell's claims against Traffic were either not covered or excluded under the terms of the policy.

Continental was Traffic's liability carrier and provided a defense to Traffic against Maxwell's claims. The underlying lawsuit eventually went to trial. The jury found that Traffic was among those whose negligence caused Maxwell's injuries. Continental ultimately paid Maxwell $250,000 to settle his claims against Traffic.

On May 27, 2009, Continental sued American Safety. Asserting claims of contractual and equitable subrogation, contribution, and breach of contract, Continental sought the recovery of Traffic's defense costs ($133,715), the amount it paid on behalf of Traffic to settle the underlying lawsuit ($250,000), and for its attorney's fees incurred in the suit against American Safety.

On April 9, 2010, American Safety moved for summary judgment asserting that, as a matter of law, the policy provides neither defense nor indemnity coverage to Traffic for Maxwell's claims. Relying on numerous grounds to defeat Continental's subrogation, contribution, and breach-of-contract causes of action, American Safety set forth three specific grounds for its motion: (1) Traffic is not an additional insured under the terms of the policy because the additional-insured endorsement limits coverage to claims arising out of the sole negligence of the named insured, which is neither what Maxwell alleged in the underlying lawsuit nor what the jury found; (2) Traffic is not an additional insured because Maxwell's claims fall under the employer's-liability exclusion; and (3) Texas law bars Continental's claim for reimbursement of the settlement.

Continental filed a no-evidence motion for partial summary judgment on the exclusions American Safety asserted as defenses to coverage. Continental also amended

2

its pleadings to allege that American Safety had violated the Texas Insurance Code. American Safety did not file an amended motion for summary judgment addressing these new claims. The trial court heard the summary-judgment motions on June 2, 2010, and granted American Safety's motion fifteen days later. The summary-judgment disposed of all of Continental's claims, including those asserting Insurance Code violations. The record contains no order on Continental's no-evidence motion. This appeal followed.

## Issues on Appeal

In five appellate issues Continental challenges: (1) the trial court's granting of American Safety's motion for summary judgment relating to both duty to defend and duty to indemnify on Continental's subrogation and contribution claims; (2) the trial court's denial of Continental's no-evidence motion for partial summary judgment; and (3) the trial court's granting of American Safety's motion for summary judgment on Continental's Insurance Code claims.

## Continental's Subrogation and Contribution Claims

In its first issue, Continental argues the trial court erred in granting summary judgment as to both duty to defend and duty to indemnify based on the sole-negligence exclusion found in the additional-insured endorsement.

### Duty to Defend

Whether an insurer owes its insured a duty to defend is a question of law, which an appellate court reviews *de novo*. *Huffhines v. State Farm Lloyds*, 167 S.W.3d 493, 496 (Tex. App.—Houston [14th Dist.] 2005, no pet.). An insurer's duty to defend is determined by the "eight corners rule," which requires the court to look solely at the allegations in the pleadings of the underlying lawsuit in light of the policy provisions, regardless of the truth of the allegations. *Trinity Universal Ins. Co. v. Cowan*, 945 S.W.2d 819, 821 (Tex. 1997); *Two Pesos, Inc. v. Gulf Ins. Co.*, 901 S.W.2d 495, 499 (Tex. App.—Houston [14th Dist.] 1995, no pet.). An insurer is required to defend only those

3

cases within the policy coverage. *Fid. & Guar. Ins. Underwriters, Inc. v. McManus*, 633 S.W.2d 787, 788 (Tex. 1982). Under the "eight corners rule," the insurer has no duty to look beyond the policy and the pleadings in determining whether to defend the suit. *Nat'l Union Fire Ins. Co. of Pittsburgh v. Merchs. Fast Motor Lines, Inc.*, 939 S.W.2d 139, 141 (Tex. 1997) (per curiam); *State Farm Lloyds v. Kessler*, 932 S.W.2d 732, 736–37 (Tex. App.—Fort Worth 1996, writ denied). The pleadings must be liberally construed in the insured's favor, but the interpretation must be fair and reasonable. *Kessler*, 932 S.W.2d at 736; *see also Nat'l Union Fire Ins.*, 939 S.W.2d at 141.

"The duty to defend is not affected by facts ascertained before suit, developed in the process of litigation, or by the ultimate outcome of the suit." *Trinity Universal Ins. Co.,* 945 S.W.2d at 829. When reviewing the pleadings, the facts alleged by the underlying plaintiff must be accepted as true for the purposes of determining coverage. *Nat'l Union Fire Ins.*, 939 S.W.2d at 141. If the plaintiff's petition in the underlying lawsuit alleges only facts for which coverage would be excluded by the policy, then the insurer has no obligation to defend the lawsuit. *McManus*, 633 S.W.2d at 788. In determining the duty to defend, courts may not read facts into the pleadings, look outside the pleadings, or imagine factual scenarios that might trigger coverage. *Nat'l Union Fire Ins.*, 939 S.W.2d at 142.

### *Duty to Indemnify*

The duty to defend and the duty to indemnify are distinct and separate duties under a liability-insurance policy. *D.R. Horton-Tex., Ltd. v. Markel Int'l Ins. Co.*, 300 S.W.3d 740, 743 (Tex. 2009). "While analysis of the duty to defend has been strictly circumscribed by the eight-corners doctrine, it is well-settled that the 'facts actually established in the underlying suit control the duty to indemnify.'" *Id.* at 744 (quoting *Pine Oak Builders, Inc. v. Great Am. Lloyds Ins. Co.,* 279 S.W.3d 650, 656 (Tex. 2009)).

4

*Additional-Insured Coverage Endorsement*

The additional-insured coverage endorsement in the policy provides:

A.      The following shall be added to SECTION I, COVERAGE A., Par. 1, [of the Policy] as subparagraphs d. and e. of the policy:

> d.      Any person shown as an Additional Insured on a certificate of insurance issued by us or our authorized representative, or by endorsement to the policy, provided such person is required to be named as an Additional Insured in a written contract with you, shall be entitled to coverage hereunder solely for "claims" or "suits" for "bodily injury" or "property damage" arising solely out of your negligence. . . .  No obligation for defense or indemnity under the policy is provided to any Additional Insured for "claims" or "suits" directly or indirectly "arising from" the status, actions or inaction, including (without limitation) for vicarious, derivative or strict liability of said Additional Insured, its agents, consultants, servants, contractors or subcontractors (other than the Named Insured), except for the actions or inactions of the Named Insured.
>
> e.      We will have no duty to defend any insured, other than the Named Insured, except when the sole allegation against that insured is vicarious liability for the sole negligence of the Named Insured.

As used in the policy, the terms "you" and "your" mean the named insured, Williams.  Substituting the names of the parties in this case into the additional-insured endorsement quoted above in full, coverage is provided to Traffic as follows:

> d.      Traffic shall be entitled to coverage hereunder solely for "claims" or "suits" for "bodily injury" . . . arising solely out of Williams's negligence. . . .  No obligation for defense or indemnity under the policy is provided to Traffic for "claims" or "suits" directly or indirectly "arising from" the status, actions or inaction, including (without limitation) for vicarious, derivative or strict liability of Traffic, its agents, consultants, servants, contractors or subcontractors (other than the Williams), except for the actions or inactions of Williams.
>
> e.      We will have no duty to defend any insured, other than Williams, except when the sole allegation against that insured is vicarious liability for the sole negligence of Williams.

Thus, the policy unambiguously provides defense coverage to Traffic only in the event that Traffic is alleged to be vicariously liable for Williams's own sole negligence.

*The Summary-Judgment Evidence*

American Safety's summary-judgment evidence shows that Maxwell, the plaintiff in the underlying lawsuit, asserted separate negligence claims against Traffic, Williams, and the third-party driver who actually hit Maxwell. Maxwell's petition in the underlying lawsuit establishes that the claims asserted against Traffic were based on Traffic's own negligence and not for vicarious liability for the sole negligence of Williams. We hold that American Safety conclusively proved that it had no duty to defend Traffic against the claims asserted in the underlying lawsuit.

Additional-insured coverage under the policy is unambiguously limited to bodily injury or property damage arising out of the sole negligence of the named insured, Williams. But the jury in the underlying case did not find that Maxwell's injuries arose from the sole negligence of Williams. Instead, the jury determined that Williams shared the responsibility for Maxwell's injuries with Traffic, the third-party driver, and Maxwell himself. Accordingly, we hold that American Safety had no duty to indemnify Continental.

*Continental's Coverage Arguments*

In support of its contention that the trial court erred in granting American Safety's summary judgment on duty to defend and indemnity, Continental makes two arguments. First, Continental asserts that in his pleadings in the underlying lawsuit, Maxwell alleged that Traffic was vicariously liable for the actions of Williams, which would bring the claims within the policy's coverage. Second, Continental contends that if we accept American Safety's sole-negligence contention, coverage under the policy is illusory. We find neither argument persuasive.

6

In support of coverage, Continental argues that even if the additional-insured exclusion is enforced, Maxwell asserted a claim that Traffic was vicariously liable for the acts of its independent contractor, Williams.   But Maxwell did not allege that Traffic was liable only because it exercised control over the work of Williams.   Instead, the opposite is true: in the underlying lawsuit, Maxwell alleged that Traffic was negligent because it failed "to take all reasonable, necessary, and/or required actions to make the work site reasonably safe for workers."   Maxwell alleged these failures by Traffic constituted negligence and negligence per se.   In addition, the jury was not asked and did not find that Traffic retained the right to control or actually exercised control over the work of Williams.   Again, the opposite is true—the jury found that Traffic was jointly negligent along with three others, including Williams.   Because the plaintiff in the underlying lawsuit did not allege vicarious liability, the additional-insured endorsement did not apply.

In contending that coverage is illusory, Continental relies on *ATOFINA Petrochemicals, Inc. v. Continental Casualty Co.*, 185 S.W.3d 440 (Tex. 2005) (per curiam).   In *ATOFINA*, A & B was hired as a contractor to erect steel on Fina's property. *Id.* at 442.   A & B's commercial general liability policy with Continental Casualty (coincidentally the appellant in the instant case) contained the following additional-insured provisions:

> 1.    THAT PERSON OR ORGANIZATION, IS ONLY AN ADDITIONAL INSURED FOR ITS LIABILITY ARISING OUT OF PREMISES "YOU" OWN, RENT, LEASE OR OCCUPY OR FOR "YOUR WORK" FOR OR ON BEHALF OF THE ADDITIONAL INSURED; AND
>
> 2.    THE INSURANCE AFFORDED THE ADDITIONAL INSURED UNDER THIS ENDORSEMENT DOES NOT APPLY TO … ANY LIABILITY ARISING OUT OF ANY ACT, ERROR OR OMISSION OF THE ADDITIONAL INSURED, OR ANY OF ITS EMPLOYEES….

*Id.* at 444.

An A & B employee was injured on the project and sued Fina and others.   *Id.* at 442.   Fina sought coverage and a defense of the lawsuit under A & B's insurance policy with

Continental Casualty. *Id.* The supreme court adopted Fina's interpretation of paragraph 2 and determined that A & B's policy excluded coverage for Fina only if Fina's sole negligence caused the underlying incident. *Id.* at 444 (citing *Nat'l Union Fire Ins. Co. v. Hudson Energy Co.*, 811 S.W.2d 552, 555 (Tex. 1991) (holding that a court must adopt the construction of an exclusionary clause urged by the insured as long as that construction is not unreasonable). Following that determination, the court went on to observe that "Continental's interpretation that the exclusion bars all coverage when any negligence on the part of the premises owner is pleaded, unless the owner's responsibility is based solely on vicarious liability for the acts of the contractor, would render coverage under the endorsement largely illusory." *ATOFINA*, 185 S.W.3d at 444. Continental's argument in this case hinges on this sentence.

We conclude the outcome in *ATOFINA* does not control the outcome in this case. Here, the insured's construction of the exclusionary clause is not reasonable because the plain language of the policy excludes coverage except when bodily injury or property damage arises out of the sole negligence of the named insured. This conclusion is reinforced by the recent case of *Evanston Insurance Co. v. ATOFINA Petrochemicals, Inc.*, 256 S.W.3d 660 (Tex. 2008). In *Evanston*, the court approved the use of the language found in the policy. The court stated: "[H]ad the parties intended to insure ATOFINA for vicarious liability only, language clearly embodying that intention was available." *Id.* at 666. In a footnote, the court elaborated on this issue: "[T]he insurer easily could have limited coverage by including in the endorsement terms such as 'vicarious liability' or 'negligence of the named insured.'" *Id.* at 666 n.20. That is precisely what American Safety did here. Therefore, we conclude this interpretation does not render the coverage illusory. *See Grain Dealers Mut. Ins. Co. v. McKee*, 943 S.W.2d 455, 459 (Tex. 1997) ("While the family[-]member language provides no coverage for Kelly in this instance, the endorsements provide other types of coverage. . . . Our interpretation of the policy does not cause a forfeiture, it merely restricts coverage to those who are insured."); *see also Primary Plumbing Servs., Inc. v. Certain Underwriters at Lloyd's London*, No. 01-05-00135-CV,

8

2006 WL 181403, at *4 n.6 (Tex. App.—Houston [1st Dist.] Jan. 26, 2006, pet. denied) (mem. op.) (noting that coverage is not illusory if there is coverage under other circumstances than those present in the case being litigated).

Having determined that American Safety had no duty to defend or indemnify Continental, we overrule Continental's first issue on appeal. Because we conclude the sole-negligence exclusion applies and supports the trial court's summary judgment, we need not reach Continental's issues challenging the other grounds asserted by American Safety in its motion for summary judgment.

### Continental's No-Evidence Motion for Partial Summary Judgment

In its fourth issue, Continental complains of the trial court's denial of its no-evidence motion for partial summary judgment. Although the trial court heard Continental's motion on June 2, 2010, it never expressly ruled on it. Continental contends the court implicitly denied the motion when it granted American Safety's motion.

The denial of a motion for summary judgment is generally not appealable. *United Parcel Serv., Inc. v. Cengis Tasdemiroglu*, 25 S.W.3d 914, 916 (Tex. App.—Houston [14th Dist.] 2000, pet. denied) (citing *Cincinnati Life Ins. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996)). But Continental cites cases holding that when both parties move for summary judgment and the trial court grants one motion and denies the other, the appellate court reviews both motions and renders the judgment the trial court should have rendered. *See e.g. Holmes v. Morales*, 924 S.W.2d 920, 922 (Tex. 1996). For this exception to apply, however, both parties must have sought a final judgment in their cross-motions for summary judgment. *CU Lloyd's of Tex. v. Feldman*, 977 S.W.2d 568, 569 (Tex. 1998) (per curiam). Because Continental moved for only partial summary judgment, the exception does not apply, and Continental may not appeal the denial of its no-evidence motion for partial summary judgment. *See id.* We overrule Continental's fourth issue.

9

## The Insurance Code Claims

In its fifth issue, Continental contends that the trial court erred when it granted summary judgment on Continental's Insurance Code claims because American Safety's motion did not address these claims. We disagree.

As a general rule, issues not expressly presented to the trial court by written motion for summary judgment cannot be considered as grounds to affirm or reverse the trial court's judgment. *PAS, Inc. v. Engel*, 350 S.W.3d 602, 609 (Tex. App.—Houston [14th Dist.] 2011, no pet.). Granting summary judgment on a claim not addressed in the summary-judgment motion is usually reversible error. *G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011). However, there are two limited exceptions to the general rule: (1) when the movant has conclusively proved or disproved a matter that would also preclude the unaddressed claim as a matter of law and (2) when the unaddressed claim is derivative of the addressed claim and the movant proved its entitlement to summary judgment on the addressed claim. *Id.* (quoting *Wilson v. Davis*, 305 S.W.3d 57, 73 (Tex. App.—Houston [1st Dist.] 2009, no pet.)). Although a trial court errs in granting a summary judgment on a cause of action not expressly presented by written motion, the error is harmless when the omitted cause of action is precluded as a matter of law by other grounds raised in the case. *Id.* at 297-98.

Continental claims that American Safety violated Article 21.21 or Chapter 541 of the Texas Insurance Code. When the issue of insurance coverage is resolved in the insurer's favor, extra-contractual claims do not survive. *State Farm Lloyds v. Page*, 315 S.W.3d 525, 532 (Tex. 2010). There can be no liability under Article 21.21 of the Insurance Code if there is no coverage under the policy. *Id.* Because we have held that there is no coverage under the policy, Continental's claims under Article 21.21 and Chapter 541 of the Insurance Code are precluded as a matter of law. Therefore, any error by the trial court in granting the summary judgment was harmless. We overrule Continental's fifth issue.

10

* * *

We affirm the trial court's summary judgment in favor of American Safety on Continental's subrogation, contribution, and breach-of-contract causes of action, and we hold that the granting of summary judgment on Continental's Texas Insurance Code claims was harmless error.

/s/    Jeffrey V. Brown
Justice

Panel consists of Chief Justice Hedges and Justices Brown and Christopher.