COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| MARIA CASTRO, | § | |
| | | No. 08-12-00142-CV |
| Appellant, | § | |
| | | Appeal from the |
| v. | § | |
| | | 324th District Court |
| MARTIN AYALA AND THE OFFICE OF | § | |
| THE ATTORNEY GENERAL, | | of Tarrant County, Texas |
| | § | |
| Appellees. | | (TC#324-489209-10) |
| | § | |

## **O P I N I O N**

In Five Issues, Appellant, Maria Castro, appeals the trial court's denial of her bill of review regarding its order to release child support arrearages.

### **BACKGROUND**

Castro and Appellee, Martin Ayala, divorced in 1997, and Castro was awarded custody of their three minor children.[1] The divorce decree ordered Ayala to make child support payments of $163.50 bi-weekly until his obligation to the youngest child terminated. In 2010, Castro applied to Appellee, The Office of the Attorney General (OAG), for assistance in pursuing an action

---

[1] As this case was transferred from our sister court in Fort Worth, we decide it in accordance with the precedent of that court. TEX. R. APP. P. 41.3.

against Ayala for failure to pay child support, totaling $15,685.44 in arrearages. The OAG filed suit to enforce Ayala's child support obligation. Ayala's response disputed the arrearage amount by claiming Castro had voluntarily relinquished the actual possession and control of the children for time periods in excess of those ordered by the trial court and that he had supplied actual support during those periods. Ayala also filed a petition in the trial court to modify the parent-child relationship. A hearing was scheduled for June 23, 2010.

Castro appeared for the hearing pro se, Ayala appeared in person and through his attorney, and the OAG appeared through an Assistant Attorney General. Before the hearing commenced, Castro and Ayala reached an agreement to release Ayala of paying $12,079.44 and to require Ayala to pay the remaining $3,606. The negotiations involved indirect communications between Castro and Ayala facilitated through their nineteen-year-old son Jonathan. At the request of the OAG, the trial court severed the contempt action and then heard other issues raised by the pleadings. A record of the proceedings was waived by the parties with the consent of the trial court.

The Assistant Attorney General handling the matter proceeded to draw up an order reflecting the parties' agreement to release $12,079.44 and enforce $3,606 in arrearages. The Assistant Attorney General reviewed the order with Castro, and the parties or their counsel signed the order. The trial court approved and adopted the order on June 24, 2010.

Castro's communications with the OAG were conducted in English. At no point in the proceedings did Castro request an interpreter, a translation of the written agreed order, that the order be read to her in Spanish, or otherwise indicate that she did not understand the agreement between the parties. On December 16, 2010, Castro filed a petition for bill of review claiming the

OAG engaged in extrinsic fraud by taking advantage of her inability to speak or read English and denied her an opportunity to present a meritorious claim or defense. In her bill of review, Castro claimed she did not agree to release the $12,079.44 Ayala owed her, and had been misled by the Assistant Attorney General to believe she would still receive the full $15,685.44 in child support arrearages.

On June 29, 2011, the trial court conducted a hearing on Castro's bill of review. Although Castro initially appeared without an interpreter, the trial court appointed an interpreter for the proceedings. Castro testified she speaks English with sixty percent proficiency, but does not understand English and cannot read or write English. The trial court concluded that Castro understands English very well, and noted that half the time Castro testified in English, understood the judge and the attorneys' comments, and answered questions posed in English before the interpretation into Spanish. The trial court determined Castro was negligent in signing the order if she did not understand it, and failing to make the other parties or the court aware that she required translation services. After the trial court denied Castro's bill of review, Castro timely filed a notice of appeal and requested written findings of fact and conclusions of law. In its written findings of fact and conclusions of law, the trial court determined that Castro understood English very well and had failed to meet her burden of proof for a bill of review. Castro raises five issues on appeal.

## DISCUSSION

### Bill of Review: Standards and Procedures

*Standard of Review*

A bill of review is an independent equitable action brought by a party to set aside a

3

judgment which can no longer be challenged through a motion for new trial or on appeal. *Baker v. Goldsmith*, 582 S.W.2d 404, 406 (Tex. 1979). Ordinarily, a party seeking relief under a bill of review must plead and prove: (1) a meritorious defense to the underlying cause of action, (2) which they were prevented from making by the fraud, accident, or wrongful act of the opposing party or by official mistake, (3) unmixed with any fault or negligence on their part. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 751-52 (Tex. 2003); *Baker*, 582 S.W.2d at 406-07. If the petitioner is claiming constitutional due process, such as non-service or notice of proceedings resulting in default judgment, then the party is relieved from showing the first two elements and need only prove there was no fault or negligence on their part. *Caldwell v. Barnes*, 154 S.W.3d 93, 97 (Tex. 2004).

Procedurally, a bill of review petitioner must factually allege with particularity that the preceding judgment was a result of fraud, accident, or a wrongful act of the opposing party or official mistake unmixed with his own negligence. *Baker*, 582 S.W.2d at 408. Then, at a pretrial hearing, the petitioner must set forth prima facie proof of a meritorious claim or defense to the underlying cause of action. *Id*. If a prima facie meritorious defense has been shown, the court will conduct a full trial on the merits of the underlying case. *Id*. at 408-09. At its discretion, the court may conduct the trial of the issues in one hearing or in separate hearings. *Id*. at 409. The burden of persuasion at the bill of review proceedings is allocated in the following manner. The petitioner opens and assumes the burden of proving the underlying judgment was rendered as the result of the fraud, accident, or wrongful act of the opposite party or official mistake unmixed with any negligence of his own, and the bill of review defendant assumes the burden of proving his original cause of action. *Id*. When the bill of review petitioner claims relief because of a

4

violation of the petitioner's due process rights, she is only required to prove her lack of negligence. *Caldwell*, 154 S.W.3d at 97.

In our review of a trial court's ruling on a bill of review, we indulge every presumption in favor of the trial court's determination, and will not disturb it absent an abuse of discretion. *Singh v. Trinity Mktg. & Distrib. Co., Inc.*, 397 S.W.3d 257, 262 (Tex. App.—El Paso 2013, no pet.). An abuse of discretion occurs when a trial court acts in an unreasonable and arbitrary manner, or without reference to any guiding rules or principles. *Critz v. Critz*, 297 S.W.3d 464, 469 (Tex. App.—Fort Worth 2009, no pet.). A trial court does not abuse its discretion if its determination falls within the zone of reasonable disagreement. *Perez v. Old W. Capital Co.*, 411 S.W.3d 66, 70 (Tex. App.—El Paso 2013, no pet.).

*Analysis*

*Bill of Review Legal Standard*

In Issue One, Castro claims the trial court erred by applying the wrong legal standard in its consideration of her original petition for bill of review. Castro asserts the trial court erroneously applied the legal standard for determining a bill of review set forth in *Baker v. Goldsmith*. *See Baker*, 582 S.W.2d at 406. Because her due process rights were allegedly violated, Castro contends the trial court should have applied the legal standard as set forth in *Caldwell v. Barnes*. *See Caldwell*, 154 S.W.3d at 97. Specifically, Castro claims the entering of the order to enforce child support obligation violated her right to have the order accurately interpreted in a language she understands. Castro directs us to one criminal case and one parental termination case to support her argument. *See Kan v. State*, 4 S.W.3d 38, 41 (Tex. App.—San Antonio 1999, pet. ref'd) (a criminal defendant's right to have trial court proceedings interpreted into a language he

5

understands is part of his constitutional right to confrontation); *see also In re L.M.I.*, 117 S.W.3d 1, 4 (Tex. App.—Houston [14th Dist.] 2001), *aff'd*, 119 S.W.3d 707 (Tex. 2003) (due process protections, including a parent's right to have the affidavit interpreted into a language he understands apply to proceedings to terminate parental rights).

The OAG correctly notes that there is no constitutional right to confrontation in a civil case. *In re S.A.G.*, 403 S.W.3d 907, 912 (Tex. App.—Texarkana 2013, pet. filed) (no constitutional confrontation right in suit to affect the parent-child relationship); *Alexander Shren-Yee Cheng v. Zhaoya Wang*, 315 S.W.3d 668, 671 (Tex. App.—Dallas 2010, no pet.) (no confrontation right in civil commercial litigation). However, Castro does not specifically claim protection under the right to confrontation but, rather, asserts a generic due process claim that her inability to understand the language of the order made her legally incompetent to sign it. In support of her assertion, Castro relies on *In re L.M.I.*, which she attempts to distinguish by claiming her case lacks evidence establishing she could read or understand the language of the order. In that case, no due process violation was found because evidence existed showing the complainant understood the nature of the affidavit to terminate his parental rights when he signed it. *In re L.M.I.*, 117 S.W.3d at 4. A translation is not required if the petitioner understands sufficient English to comprehend the nature and importance of the document. *Id*.

We disagree that *In re L.M.I.* supports Castro's violation of due process claim. The trial court in this case determined that Castro speaks and understands English very well, did not request an interpreter or that the order be read to her or translated into Spanish before she signed it, and testified that she signed the order so she would receive the $3,606 payment quickly, and that the written order comported with the terms of the agreement Castro understood at the time she signed

6

it. Thus, the trial court determined that Castro understood the terms of the order when she signed it, regardless of whether or not she could read English. *See In re L.M.I.*, 117 S.W.3d at 4. Because Castro failed to establish a due process violation, the trial court did not err in applying the *Baker* standard in determining Castro's bill of review. *Baker*, 582 S.W.2d at 406-07. Issue One is overruled.

*Bill of Review Procedure*

In Issue Two, Castro asserts the trial court abused its discretion by failing to adhere to the proper procedures when considering her bill of review. Specifically, Castro claims the trial court should have proceeded to a full trial because she had met her burden of proof. Castro asserts that because she claimed a due process violation and proved she was not negligent, the trial court should have proceeded to conduct a full trial, and if held to the traditional legal standard, she was still entitled to a full trial because she showed a prima facie meritorious defense to the underlying claim. Although we have already determined that no violation of due process occurred to warrant application of the lesser standard, we proceed to analyze Castro's lack of negligence argument because she was required to prove her lack of negligence under both standards. *See Baker*, 582 S.W.2d at 406; *Caldwell*, 154 S.W.3d at 97.

Castro argues that her signature on the order cannot equate to negligence because she could not read English and was not afforded a translation of the order before signing it. The trial court found that Castro was negligent in signing the order if she did not agree to it or understand it. Furthermore, the trial court found that Castro speaks and understands English very well, failed to request an interpreter or a Spanish copy of the order, did not tell anyone she did not understand the order, communicated with the OAG in English, and that the order contains a judgment adhering to

7

the terms to which Castro agreed to when she signed it.

We disagree with Castro's contention she could not have been negligent when she did not request an interpreter. As noted above, litigants in a civil proceeding are not entitled to an interpreter unless the case involves an issue with a constitutional dimension, such as termination of parental rights. *In re S.A.G.*, 403 S.W.3d at 912; *Alexander Shren-Yee Cheng*, 315 S.W.3d at 671; *In re L.M.I.*, 117 S.W.3d at 4. *See also In re Commitment of Polk*, 187 S.W.3d 550, 555–56 (Tex. App.—Beaumont 2006, no pet.) (no constitutional confrontation right in civil commitment suit); *Martinez v. Cherry Ave. Mobile Home Park*, 134 S.W.3d 246, 249-50 (Tex. App.—Amarillo 2003, no pet.) (the trial court did not violate due process rights by not appointing an interpreter on its own motion in a forcible entry and detainer claim); *Ochs v. Martinez*, 789 S.W.2d 949, 951 (Tex. App.—San Antonio 1990, writ denied) (Sixth Amendment only applies to criminal prosecutions and is inapplicable in civil cases such as trials to modify custody).

Because Castro's failure to make it known to the court and the other parties that she needed translation services at the time she signed the order constitutes negligence on her part, we conclude the trial court did not procedurally err when it dismissed Castro's bill of review without proceeding to a full trial on the merits of the underlying claim. *Martinez*, 134 S.W.3d at 249-50. The trial court did not abuse its discretion in denying Castro's bill of review before proceeding to a full trial on the merits when she failed to meet her burden of proof establishing she was not negligent. *Baker*, 582 S.W.2d at 409. Having determined that the trial court did not err in finding Castro to have been negligent in signing the order, we need not address her argument regarding a prima facie meritorious defense because she still would have failed to meet her burden of proof to obtain relief. *See Baker*, 582 S.W.2d at 408; *King Ranch*, 118 S.W.3d at 751-52. Issue Two is overruled.

8

**Sufficiency of the Evidence**

In Issue Three, Castro challenges the sufficiency of the evidence to support the trial court's findings: (1) that the order releasing part of Ayala's child support obligation was not a result of fraud, accident, or wrongful act of the opposing parties or official mistake, (2) that Castro was negligent in signing the order, and (3) that Castro did not present a meritorious claim or defense. In Issue Four, Castro claims there is no evidence to support the trial court's finding that she agreed to release $12,079.44 in child support arrearage owed to her by Ayala. In Issue Five, Castro asserts there is no evidence to support the trial court's finding that Ayala was entitled to a possession credit.

Although Castro identifies Issues Three, Four, and Five at the outset of her brief, in her argument, Castro fails to present a clear and concise analysis including proper citations to the record and legal authority for each of these issues. TEX. R. APP. P. 38.1(i). While discussing her first two issues, Castro does provide limited analysis regarding the trial court's determinations there was no showing of fraud, she was negligent and that she failed to present a meritorious defense. However, she fails to provide a sufficiency analysis for any of those specific findings or to direct us to any authority in support of her sufficiency challenges. We are under no obligation to make an appellant's arguments for her and when an issue is inadequately briefed, lacking a substantive analysis and citation to legal authority, it presents nothing for our review. *See ERI Consulting Engineers, Inc. v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010); *Allegiance Hillview, L.P. v. Range Texas Prod., LLC*, 347 S.W.3d 855, 873 (Tex. App.—Fort Worth 2011, no pet.). Issues Three, Four, and Five are overruled.

**CONCLUSION**

The trial court's judgment is affirmed.


                                        GUADALUPE RIVERA, Justice

May 14, 2014

Before McClure, C.J., Rivera, and Rodriguez, JJ.