**Affirmed and Opinion filed September 9, 2014.**



In The

# Fourteenth Court of Appeals

_____

## NO. 14-13-00162-CV

_____

## STEVEN FRANKOFF, Appellant

### V.

## SUSAN C. NORMAN, Appellee

**On Appeal from the 157th District Court
Harris County, Texas
Trial Court Cause No. 2008-34994**

## O P I N I O N

In this case involving the disbursement of attorneys' fees from the settlement of a lawsuit, appellant Steven Frankoff contends the trial court erred in (1) granting summary judgment in favor of appellee Susan Norman, (2) denying Frankoff's cross-motions for traditional and no-evidence summary judgment, (3) denying various motions and overruling numerous objections. We affirm.

## *Procedural History*

Frankoff filed suit against Norman in Texas district court, alleging breach of fiduciary duty, fraud, and conversion, and claiming damages of over $500,000. Frankoff further alleged that he was entitled to settlement proceeds from the underlying lawsuit of $350,000 as his "fully earned fee." In a previous appeal, this court affirmed the trial court's grant of summary judgment on all claims as to former defendant Mike Easton but reversed the trial court's grant of summary judgment as to Norman on the basis that Norman did not meet her summary judgment burden to establish as a matter of law that Frankoff's claims were barred and remanded the case to the trial court. *See Frankoff v. Norman*, No. 14-11-00152-CV, 2012 WL 2394050, at *6, 8 (Tex. App.—Houston [14th Dist.] June 26, 2012, no pet.) (mem. op.).

After the case was remanded, Frankoff filed a series of motions entitled "Amended Motion for Partial for [sic] Summary Judgment or in the Alturnative [sic] an Order Specifcing [sic] Facts That Are a Matter of Law."[1] He subsequently filed a motion for partial no-evidence summary judgment. The trial court apparently never ruled on these motions.[2] Norman filed a combined traditional and no-evidence motion for summary judgment. The trial court granted Norman's motion, ordered Frankoff to take nothing by way of his claims, and rendered final judgment in Norman's favor.

---

[1] Frankoff filed three motions with this title that purport to be traditional motions for partial summary judgment.

[2] Frankoff concedes this fact but argues the trial court implicitly denied them when it granted Norman's motion for summary judgment and entered final judgment.

## *Discussion*

Frankoff raises 12 issues[3] that appear to complain of the following actions by the trial court: (1) overruling Frankoff's numerous objections and special exceptions to Norman's motion for summary judgment, (2) granting summary judgment in favor of Norman, (3) failing to rule on Frankoff's motion for summary judgment, and (4) overruling objections and denying various motions. We conclude the trial court did not abuse its discretion in overruling Frankoff's objections and denying his special exceptions to Norman's motion for summary judgment and did not err in granting no-evidence summary judgment in Norman's favor. Accordingly, we need not reach the merits of Frankoff's arguments complaining of the trial court's grant of traditional summary judgment.[4] We further conclude Frankoff may not seek interlocutory appeal of the denial of his partial motions for summary judgment and did not preserve his other issues for review.

**I.     The trial court did not abuse its discretion in overruling Frankoff's objections and denying his special exceptions to Norman's motion for summary judgment.**

As an initial matter, we address Frankoff's complaint that the trial court did not sustain his objections or grant his special exceptions to Norman's motion for summary judgment. Frankoff filed a document entitled "Plaintiff's Objections and Special Exceptions to Defendant['s] Traditional and No Evidence Summary Judgment" and also included special exceptions in his response to Norman's motion for summary judgment. We shall discuss both.

---

[3] Frankoff's brief does not comply with many aspects of Texas Rule of Appellate Procedure 38.1.

[4] Frankoff complains, among other things, that Norman was precluded from moving for summary judgment on traditional grounds under the law of the case because we reversed her previous traditional motion for summary judgment.

We review the trial court's evidentiary rulings for an abuse of discretion. *Ashland Inc. v. Harris County Appraisal Dist.*, No. 14-13-00064-CV, 2014 WL 2615866, at *5 (Tex. App.—Houston [14th Dist.] June 12, 2014, no. pet. h.). We likewise review a trial court's denial of special exceptions for an abuse of discretion. *See Baylor Univ. v. Sonnichsen*, 221 S.W.3d 632, 635 (Tex. 2007) ("A trial court has broad discretion in ruling on special exceptions."). A trial court abuses its discretion when it acts without regard to any guiding principles. *Ashland Inc.*, 2014 WL 2615866, at *5. A ruling that admits or excludes evidence will not result in reversible error unless the evidence is determinative of the case. *Id*.

Frankoff's specific complaints on appeal relate primarily to evidence Norman presented to support traditional summary judgment. However, we conclude that the trial court did not err in granting Norman's motion on the basis of no evidence. Accordingly, we do not address any alleged errors regarding evidence Norman presented to support her motion based on traditional grounds for summary judgment. *See Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004) (acknowledging if nonmovant does not satisfy its burden of production on the no-evidence motion, there is no need to analyze whether the movant satisfied its traditional summary judgment burden); *Pipkin v. Kroger Tex., L.P.*, 383 S.W.3d 655, 662 (Tex. App.—Houston [14th Dist.] 2012, pet. denied) (same).

Frankoff objected to Norman's contention that he was required to present evidence that the attorney-client fee agreement between them was forged because he was not required to prove that to support his claims against Norman. Assuming for argument's sake that the trial court overruled this objection in error, any such error would be harmless because we conclude below that Frankoff otherwise did not meet his burden to overcome no-evidence summary judgment as to each of his

4

claims.

Frankoff further objected that the trial court did not grant his objections and special exceptions to Norman's claims that there was no evidence (1) of a conspiracy between Norman and Easton, (2) of breach of fiduciary duty, (3) that Norman made misrepresentations to Frankoff, (4) that Frankoff was injured, (5) of a failure to disclose by Norman, (6) that Frankoff relied on Norman's failure to disclose, (7) that Frankoff was entitled to possession of the disputed funds, and (8) that Norman appropriated Frankoff's property. At most, these are arguments that the trial court should deny the motion. They are not proper evidentiary objections or special exceptions to the summary judgment motion. Frankoff had the burden to present evidence to overcome summary judgment as to each of these elements. The trial court did not abuse its discretion in overruling these objections and denying the special exceptions.

Frankoff also argued, "Frankoff objected, to the materiality, to the relevancy, and once again he reincorporates all of his earlier exhibits and documents." This objection does not refer to anything specific and thus was not sufficient to make the trial court aware of the complaint. *See* Tex. R. App. P. 33.1(a) (providing that as a prerequisite to presenting a complaint for appellate review, the complaint must have been made to the trial court by a timely request, objection, or motion that stated the grounds for the ruling that the complaining party sought from the trial court with sufficient specificity to make the trial court aware of the complaint).

In his response, Frankoff again objected and specially excepted to the no-evidence portion of Norman's motion for summary judgment as follows:

> Objection: Frankoff once again objects and [s]pecial excepts as to all
> of points and statements in th[e paragraph pertaining to Norman's no-

5

evidence points.] It is not relevant, it is immaterial, it is hearsay and in violation of law of the case. Objection: Defendant has improperly pled and relied upon material as described below.

In these paragraphs without any reference to pleading in the alternative, which is NOT appropriate in a motion for summary judgment, where one must prove your position as a matter of law. Furthermore in the context of a breach of fiduciary duty claim it is the offending party [who] carries the burden of proving fairness, and compliance with both the fairness of the transaction, the appropriateness of her conduct, and her ethical obligations. The burden of the elements as listed below fall to Norman not Frankoff. Finally in both of the paragraphs below the individualized points are sufficiently related to individual causes of action, or specifically related to the cause of actions [sic] as plead [sic] by Frankoff.

The only cognizable argument seems to be that Norman was not permitted to move for no-evidence summary judgment on the elements of Frankoff's claims on which she bore the burden of proof. Assuming for argument's sake that the trial court erred in denying Frankoff's perplexing objections, any such error would be harmless because we conclude below that Frankoff otherwise did not meet his burden to present evidence on each element of the claims on which he bore the burden of proof.

For these reasons, we overrule Frankoff's issues complaining that the trial court did not sustain his objections or grant his special exceptions to Norman's motion for summary judgment.

## II. The trial court did not err in granting Norman's motion for summary judgment because Frankoff did not present evidence of every element of each of his claims on which he bore the burden of proof.

We review the trial court's granting of summary judgment de novo. *Valence Operating Co. v. Dorsett*, 164 S.W.3d 656, 661 (Tex. 2005); *Pipkin*, 383 S.W.3d at 661. In reviewing either a no-evidence or a traditional summary judgment motion,

6

all evidence favorable to the nonmovant is taken as true, and we draw every reasonable inference and resolve all doubts in favor of the nonmovant. *Lone Star Air Sys., Ltd. v. Powers*, 401 S.W.3d 855, 858 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

In a no-evidence motion for summary judgment, the movant asserts there is no evidence of one or more essential elements of the claims for which the nonmovant bears the burden of proof at trial. Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc. v. Gish*, 286 S.W.3d 306, 310 (Tex. 2009). A no-evidence summary judgment is improperly granted if the nonmovant brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Mathis v. Restoration Builders, Inc.*, 231 S.W.3d 47, 50 (Tex. App.—Houston [14th Dist.] 2007, no pet.). We will sustain a no-evidence motion for summary judgment when (1) there is a complete absence of evidence of a vital fact, (2) the court is barred by rules of law or of evidence from giving weight to the only evidence offered to prove a vital fact, (3) the evidence offered to prove a vital fact is no more than a mere scintilla, or (4) the evidence conclusively establishes the opposite of the vital fact. *Drake Interiors, L.L.C. v. Thomas*, 433 S.W.3d 841, 847 (Tex. App.—Houston [14th Dist.] 2014, no. pet.).

More than a scintilla of evidence exists when reasonable and fair-minded individuals could differ in their conclusions. *Forbes Inc. v. Granada Biosciences, Inc.*, 124 S.W.3d 167, 172 (Tex. 2003); *Mendoza v. Fiesta Mart, Inc.*, 276 S.W.3d 653, 655 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). Less than a scintilla of evidence exists if the evidence creates no more than a mere surmise or suspicion of a fact regarding a challenged element. *Forbes Inc.*, 124 S.W.3d at 172; *Mendoza*, 276 S.W.3d at 655. If the nonmovant does not satisfy its burden of production on the no-evidence motion, there is no need to analyze whether the

movant satisfied its traditional summary judgment burden. *Ford Motor Co.*, 135 S.W.3d at 600; *Pipkin*, 383 S.W.3d at 662.

Norman moved for no-evidence summary judgment as to all of Frankoff's claims.[5] Frankoff responded to the motion and subsequently filed a motion and supplemental motion "to accept a late filed response . . . to plaintiff's no evidence

---

[5] Norman moved for no-evidence summary judgment on the following bases:

(1) no evidence exists that Michael Easton and Susan Norman had a meeting of the minds on an object or course of action; (2) no evidence exists that Michael Easton or Susan Norman committed an unlawful, overt act in furtherance of the alleged object or course of action; (3) no evidence exists that Michael Easton and Susan Norman were liable for some underlying tort; (4) no evidence exists that Easton or Norman made any material representation to Frankoff; (5) no evidence exists that any representation by Easton or Norman to Frankoff was false; (6) no evidence exists that when Easton or Norman made an alleged false material representation to Frankoff, Easton or Norman knew that such representation was false or made it recklessly without knowledge of the truth as a positive assertion; (7) no evidence exists that Norman made any material misrepresentation with the intention that it should be acted upon by Frankoff; (8) no evidence exists that Frankoff acted upon any material, false representation by Norman; (9) no evidence exists that Frankoff suffered injury as a result of his reliance upon any material, false representation by Norman; (10) no evidence exists that Norman failed to disclose material facts to Frankoff; (11) no evidence exists that Norman had any duty to disclose facts that were allegedly not known by Frankoff; (12) no evidence exists Norman knew Frankoff was ignorant of facts that were allegedly wrongfully withheld from him; (13) no evidence exists that Norman was deliberately silent when she had a duty to speak; (14) no evidence exists that by failing to disclose some fact, Norman intended to induce Frankoff to take some action or refrain from acting; (15) no evidence exists that Frankoff relied on any alleged failure to disclose by Norman; (16) no evidence exists that Frankoff was injured as a result of acting without knowledge of facts that Norman allegedly wrongfully withheld from him; (17) no evidence exists that Frankoff was entitled to possession of his allegedly "fully earned legal fee" of $350,000; (18) no evidence exists that Frankoff had a greater right to possession of the $350,000 than did the Bankruptcy Trustee; (19) no evidence exists that Norman "unlawfully appropriated" Frankoff's personal property by bringing about a transfer of title or any other non possessory interest in personal property; (20) no evidence exists that Norman "unlawfully appropriated" Frankoff's personal property by acquiring or otherwise exercising control over the personal property; (21) no evidence exists that Norman forged a fee agreement between Frankoff and Norman; and (22) no evidence exists that any person forged a fee agreement between Frankoff and Norman.

8

summary judgment." Frankoff did not secure a ruling from the trial court on his motions for leave to file a late response. Moreover, no proposed response was included in the motions or otherwise presented to the trial court. Accordingly, we presume the trial court considered only Frankoff's initial response to the motion for summary judgment and consider only that response in our analysis. *See Frankoff*, 2012 WL 2394050, at *7 & n.23.

To overcome summary judgment as to each of his claims of fraud, breach of fiduciary duty, conversion, and conspiracy, Frankoff was required to present evidence of each challenged element on which he bore the burden of proof.[6] *See* Tex. R. Civ. P. 166a(i); *Timpte Indus., Inc.*, 286 S.W.3d at 310. We note that Frankoff's response includes page after page of argument and references to deposition summaries and summaries of other documents that purportedly support his claims. Frankoff, however, makes no attempt to explain how this information amounts to more than a scintilla of evidence of each element of his claims. Moreover, he similarly attached approximately 700 pages of exhibits to his response with little to no effort to explain how the documents are evidence of any elements of his claims. *See San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 331 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ("[Nonmovants'] summary-judgment evidence exceeds six hundred fifty pages in length. Normally, it should not take much for a summary-judgment response to point out evidence that raises a genuine issue of fact as to elements challenged by no-evidence grounds."). Nonetheless, we analyze Frankoff's claims as follows.

---

[6] In his response, Frankoff states that his "current actions against Norman are fraud and, [sic] breach of fiduciary duties." It thus would appear that he has abandoned his claims for conversion and conspiracy. However, he proceeds to discuss these claims, so we presume for purposes of our analysis that they were not abandoned. Frankoff previously had nonsuited his claim against Norman under the Texas Theft Liability Act, *see* Texas Civil Practice and Remedies Code § 134.002(2), and thus we do not address that claim.

9

## A. No evidence of fraud by material misrepresentation or failure to disclose

**Material misrepresentation**. Frankoff alleged fraud and fraud by omission. The elements of fraud are (1) that a false, material representation was made; (2) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (3) the speaker made the representation with the intent that the other party should act upon it; (4) the party acted in reliance on the representation; and (5) the party thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am.*, 341 S.W.3d 323, 337 (Tex. 2011). Norman moved for no-evidence summary judgment on all of these elements.

Frankoff responded to Norman's no-evidence point on the first element of the fraud claim—that a false, material representation was made—as follows: "Frankoff reincorporates in his responses, all of the exhibits and the evidence all presented in Frankoff's response to [Norman's motion for summary judgment] Paragraph 76 to each and every point-element presented her[e], and especially with particularity Plaintiff's response to point 4 and 5." Setting aside the fact that the response does not indicate which portions respond to paragraph 76 of the motion for summary judgment,[7] neither the trial court nor this court is required to comb through the referenced summary judgment evidence to see if a genuine issue of material fact had been raised as to the challenged element. *See San Saba Energy*, 171 S.W.3d 331 (noting trial court was not required to undertake "onerous task of searching the summary-judgment evidence to see if a genuine issue of fact had been raised as to each challenged element"). In fact, the response does not even specify what evidence was "presented in Frankoff's response to Paragraph 76."

---

[7] The response contains certain sections that are labeled to correspond with paragraphs from the motion for summary judgment. No such section is labeled for paragraph 76.

10

Accordingly, Frankoff did not point out evidence that raised a genuine issue of material fact on this element. *See id.*; *see also Kimbrell v. Mem'l Hermann Hosp. Sys.*, 407 S.W.3d 871, 879 (Tex. App.—Houston [14th Dist.] 2013, no pet.).

Frankoff also responded that Norman misrepresented to him the amount of fees she was owed and in reliance on Norman's misrepresentation, Frankoff paid fees to Norman to which she purportedly was not entitled. In support of this argument, Frankoff submitted an unsigned fee agreement that Norman had emailed to Frankoff. He included the following statement in his response purportedly referencing evidence in support of his claim: "(Ex fee agreement—her representation to [Peter] Riga on 1.23—all mentioning differing percentages due to her. Norman with the aid Easton [sic] stole $65,000 on 2.9 (see exhibit)."[8] We cannot tell what exhibit Frankoff refers to other than the fee agreement, if any. Frankoff does not explain how the unsigned fee agreement is evidence of a material misrepresentation by Norman as to the amount of fees to which she was entitled.

Finally, Frankoff argued "Norman represented to Frankoff, and [his attorney] that the confession of judgment was authorized and agreed to by [Equator's owner], who '[Norman] said' was claiming . . . as his own and could settle, as a non-debtor outside of the bankruptcy filing of Equator. NON [sic] OF THIS WAS THE TRUTH[.]"[9] Frankoff cites the confession of judgment but does not explain how it is relevant to this issue or the import of Norman's purported

---

[8] The underlying action was a lawsuit between Frankoff's client Equator and another company. After the lawsuit settled, Equator filed for bankruptcy. MetroBank claimed entitlement to a portion of the settlement proceeds as a judgment creditor in Equator's bankruptcy. Peter Riga was MetroBank's attorney.

[9] Equator's owner had entered a confession of judgment in favor of Frankoff in a lawsuit styled *S. Soe, Individually v. Doe Corp.*, purportedly filed under aliases to insulate Frankoff's fee from MetroBank.

11

misrepresentation to Frankoff. Frankoff cites an affidavit from his attorney Broach that Frankoff presented as summary judgment evidence. The attorney attested that he was speaking on the telephone to Frankoff when Norman took the phone and

> "advised [Broach] that she was Frankoff's attorney, . . . [Equator's owner] . . . had entered a confession of judgment in a state law suit she had filed, and . . . was a non-debtor . . . not subject to the automatic stay. [The attorney] understood that [Norman] and Mr. Frankoff had just left the bank and drawn the funds on checks signed by the other attorney."

This is not evidence that Norman made a misrepresentation to Frankoff.

Frankoff also cited the deposition of Equator's owner in its entirety, but did not refer to any particular statements in the deposition or pages of the transcript. In citing the deposition wholesale, failed to point out evidence that raised a genuine issue of material fact on the element of material misrepresentation. *See Kimbrell*, 407 S.W.3d at 879.

We conclude that Frankoff did not meet his burden of presenting more than a scintilla of evidence that Norman made a material misrepresentation of fact to him.

**Failure to disclose material facts**. The elements of fraud by omission are (1) the defendant failed to disclose material facts to the plaintiff that the defendant had a duty to disclose; (2) the defendant knew the plaintiff was ignorant of the facts and the plaintiff did not have an equal opportunity to discover the facts, (3) the defendant was deliberately silent when she had a duty to speak; (4) by failing to disclose the facts, the defendant intended to induce the plaintiff to take some action or refrain from acting; (5) the plaintiff relied on the defendant's nondisclosure; and (6) the plaintiff was injured as a result of acting without that knowledge. *Horizon Shipbuilding, Inc. v. BLyn II Holding, LLC*, 324 S.W.3d 840,

12

850 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Norman moved for no-evidence summary judgment on each of these elements.

Frankoff numbered his responses to correspond with Norman's no-evidence points. Norman's no-evidence point number ten was that no evidence exists that Norman failed to disclose material facts to Frankoff. Frankoff did not include a corresponding numbered response to this point. His response skipped from no-evidence point number nine (no evidence that Frankoff suffered injury resulting from his reliance on any material misrepresentation) to number twelve (no evidence Norman knew Frankoff was ignorant of facts that were allegedly wrongfully withheld).[10] However, in between Frankoff's numbers nine and twelve in the response, Frankoff copied the entire text of his response to Norman's no-evidence point as to the element of material misrepresentation. Construing the response liberally, we conclude this was an attempt to show Norman failed to disclose material facts to Frankoff. For the reasons discussed above, Frankoff did not point out evidence that raised a genuine issue of material fact on the element of failure to disclose material facts on his fraud by omission claim. *See Kimbrell*, 407 S.W.3d at 879.

We conclude the trial court did not err in granting summary judgment as to Frankoff's fraud claims.

### B. No evidence of breach of fiduciary duties of full disclosure and loyalty based on allegation that Norman failed to disclose disbursal of funds

The elements of a breach-of-fiduciary-duty claim against one's attorney are (1) the existence of a fiduciary relationship, (2) a breach of a fiduciary duty by the attorney defendant, and (3) resulting damages to the plaintiff. *Beck v. Law Offices*

---

[10] Later in the response, he addresses no-evidence point eleven.

13

*of Edwin J. (Ted) Terry, Jr., P.C.*, 284 S.W.3d 416, 429 (Tex. App.—Austin 2009, no pet.).  The plaintiff bears the burden of proof as to all of these elements.  *Id.*  Frankoff alleged in his live petition that Norman breached her fiduciary duties to Frankoff of full disclosure and loyalty by, without legal authority or consent, disbursing funds to which he allegedly was entitled.[11]  Norman moved for no-evidence summary judgment on the grounds that no evidence existed that (1) Norman had a duty to disclose and failed to disclose material facts to Frankoff that he allegedly did not know, (2) Norman was deliberately silent when she had a duty to speak, or (3) Frankoff was entitled to possession of his allegedly "fully earned fee" of $350,000.  We construe these to be arguments that Frankoff could present no evidence that, as alleged, Norman breached her fiduciary duties to him of full disclosure and loyalty by disbursing funds to which he was entitled without his knowledge.

In response, Frankoff again referenced the unsigned fee agreement and the Broach affidavit.  We have already held that these pieces of evidence do not demonstrate that Norman failed to disclose material facts to Norman.  Frankoff also referenced a $46,000 check deposited by Norman along with the check from Riga to Norman for $65,625.  These checks, standing alone, are not evidence Norman failed to disclose any information to Frankoff.  Frankoff also referenced "[t]he deposition testimony cited above," but did not point the trial court to the testimony relevant to this issue.  *See Kimbrell*, 407 S.W.3d at 879.  Frankoff further referenced Norman's "summary judgment response," "statements and

---

[11] Frankoff also alleged Norman owed him various other related fiduciary duties, but he averred only that she breached the duties of full disclosure and loyalty.  Regardless, all of Frankoff's breach of fiduciary duty claims related to Norman's purported improper handling of the settlement funds without Frankoff's knowledge.

14

pleadings" from other lawsuits, another fee agreement,[12] and a letter to Riga,[13] but Frankoff again did not point the trial court to the portions of these items relevant to the issue or explain why this evidence was relevant.

As we have already held, Frankoff failed to point out evidence that raised a genuine issue of material fact that Norman failed to disclose material facts. Accordingly, Frankoff likewise failed to point out evidence that Norman breached her fiduciary duties of full disclosure and loyalty by disbursing funds without his knowledge. The trial court did not err in granting summary judgment in favor of Norman on Frankoff's breach of fiduciary duty claims.

### C. No evidence Frankoff was entitled to property

The elements of conversion are (1) the plaintiff owned, had legal possession of, or was entitled to possession of the subject property; (2) the defendant unlawfully and without authorization assumed and exercised control over the property, to the exclusion of and inconsistent with the plaintiff's rights; and (3) the defendant refused to return the property. *MSMTBR, Inc. v. Mid-Atl. Fin. Co.*, No. 01-12-00501-CV, 2014 WL 3697736, at *9 (Tex. App.—Houston [1st Dist.] July 24, 2014, no. pet. h.) (mem. op.). Norman moved for no-evidence summary judgment on the first two elements.

Frankoff responded to Norman's no evidence point as to the first element— no evidence "that Frankoff was entitled to possession of his allegedly 'fully earned fee' of $350,000" as follows:

> See response to Point I hereby incorporated and re-alleged as an answer to this no evidence point. Frankoff also incorporates and re

---

[12] It is unclear what fee agreement he is referencing.

[13] Frankoff does not include a record cite to this letter, but it appears to be a demand for payment of Frankoff's fee plus "the additional amount of $10,000 as attorney's fees as of this date." This letter is not evidence that Norman withheld any information from Frankoff.

alleges [sic] all of [the] exhibits[,] arguments, evidence contained in this motion in its entirety . . . . At the time these events occurred Frankoff had an unquestioned ownership right. These funds were his and his alone . . . Norman had so plead [sic] in bankruptcy pleadings, and is now estopped from asserting to the contrary. The [$]46,000 was drawn (stolen actually) from Frankoff's account.

In footnotes, Frankoff stated that he "reasserts and incorporates by reference all of deposition material and summaries as well as exhibit references into this response." He also cited "bank records—remitter on Norman's $46,000 was Frankoff—See check (supra)." "Point I" of the response consists of an 18-page list of purported evidence with no context for what claim or claims the evidence was supposed to support. Moreover, Frankoff does not explain how Point I supports his contention that he presented evidence that he was entitled to the fee.

With regard to his incorporation of the entirety of almost 700 pages of purported evidence attached to his response, as set forth above, the trial court was not required to search through this evidence to determine whether Frankoff presented evidence to support his claim of conversion. *See San Saba Energy*, 171 S.W.3d 331. Blanket citation to voluminous records is not a proper response to a no-evidence motion for summary judgment. *See Eaton Metal Prods., L.L.C. v. U.S. Denro Steels, Inc.*, No. 14-09-00757-CV, 2010 WL 3795192, at *6 (Tex. App.—Houston [14th Dist.] Sept. 30, 2010, no pet.) (mem. op.) (holding 700 pages of undifferentiated documentation attached to response need not be considered by trial court).

Similarly, Frankoff's cite to "bank records" did not direct the trial court to their location in the response. However, we note that there is a $46,000 check in the record that was written to and deposited by Susan Norman. Under the signature line for the check is a notation, "remitter Steven B. Frankoff." However, the check does not indicate what ultimately happened to these funds, that Frankoff

16

was entitled to them, or that he never received them. We conclude the check alone is not more than a scintilla of evidence that Frankoff owned, had legal possession of, or was entitled to possession of the disputed funds.

We conclude that Frankoff failed to point out evidence that a raised a genuine issue of material fact as to whether Frankoff owned, had legal possession of, or was entitled to possession of the subject property. *See Kimbrell*, 407 S.W.3d at 879. Accordingly, the trial court did not err in granting summary judgment in Norman's favor on Frankoff's conversion claim.

### D. No evidence of underlying tort

Frankoff's conspiracy claim was based on his assertion that Norman conspired with Easton to commit the other torts alleged by Frankoff. Conspiracy is a "derivative tort" because a defendant's liability depends on participation in some underlying tort for which the plaintiff seeks to hold at least one of the named defendants liable. *Tilton v. Marshall*, 925 S.W.2d 672, 681 (Tex. 1996); *Williams v. Shell Exploration & Prod. Co.—Americas*, No. 14-13-00309-CV, 2014 WL 3555741, at *8 (Tex. App.—Houston [14th Dist.] July 17, 2014, no. pet. h.) (mem. op.). If the defendant's liability for the alleged underlying torts is foreclosed as a matter of law, there is no claim for conspiracy. *Soon Phat, L.P. v. Alvarado*, 396 S.W.3d 78, 94 (Tex. App.—Houston [14th Dist.] 2013, pet. denied). Because the trial court properly granted summary judgment on Frankoff's other claims, it did not err by granting summary judgment on the conspiracy claim.[14] *See Williams*, 2014 WL 3555741, at *8.

---

[14] The elements of civil conspiracy are (1) two or more persons; (2) an object to be accomplished; (3) a meeting of the minds on the object or course of action; (4) one or more unlawful, overt acts; and (5) damages as a proximate result. *Tri v. J.T.T.*, 162 S.W.3d 552, 556 (Tex. 2005). Norman moved for no-evidence summary judgment on the basis that, among other things, no evidence exists that Norman committed an underlying tort.

17

Frankoff failed to present more than a scintilla of probative evidence to raise a genuine issue of material fact as to each element of his claims on which he bore the burden of proof. Accordingly, we hold that the trial court did not err in granting no-evidence summary judgment in Norman's favor. Because we affirm this part of the trial court's judgment, we need not address the merits of Norman's arguments in support of traditional summary judgment.

### III. Frankoff may not seek interlocutory appeal of the denial of his partial motions for summary judgment.

Frankoff argues the trial court erred in denying his cross-motions for partial summary judgment. Generally, a party may not seek appellate review of the trial court's denial of a motion for summary judgment because it is an interlocutory ruling and not a final judgment. *Cincinnati Life Ins. Co. v. Cates*, 927 S.W.2d 623, 625 (Tex. 1996); *Cont'l Cas. Co. v. Am. Safety Cas. Ins. Co.*, 365 S.W.3d 165, 172 (Tex. App.—Houston [14th Dist.] 2012, pet. denied). However, an exception may apply when both parties move for summary judgment and the trial court grants one motion but denies the other. *Cont'l Cas. Co.*, 365 S.W.3d at 172. For this exception to apply, both parties must have sought a final judgment in their cross-motions for summary judgment. *Id.* Because Frankoff moved only for partial summary judgment, the exception does not apply, and Frankoff may not appeal the denial of his partial motions for summary judgment. *See id.*

### IV. Other issues pertaining to the trial court's overruling certain objections and denying certain motions are waived.

In his list of issues presented, Frankoff complains that the trial court abused its discretion in overruling his objections to Norman's request to file an amended answer and denying his motion in limine and motion for new trial.[15]

---

[15] The trial court granted Norman's motion for leave to file an amended answer. The trial

18

In his statement of facts, Frankoff generally states that the trial court overruled his objections to Norman's request to file an amended answer. In the body of the brief, Frankoff complains about this ruling, arguing "Frankoff argued the law of the case and objected to Norman's amended answer for the same factual and legal reasons [for] which this court rejected them. At that hearing, the trial court agreed with Frankoff's objections." (Emphasis omitted.) Frankoff, however, includes no legal argument or analysis indicating how such ruling was an abuse of discretion. Thus, he has waived that complaint. *See* Tex. R. App. P. 38.1(i) (providing appellant's brief must contain clear and concise argument for contentions made, with appropriate citations to authorities and the record); *see also Gurka v. Gurka*, 402 S.W.3d 341, 349-50 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (recognizing that failure to cite authority or advance substantive analysis waives appellate issue).

Similarly, in the statement of facts section of his brief, Frankoff states he filed a motion in limine and notes he filed a motion for new trial. He includes no further argument or analysis with regard to these motions. Accordingly, he has waived his complaints pertaining to the trial court not granting the motions.[16] *See* Tex. R. App. P. 38.1(i); *see also Gurka*, 402 S.W.3d at 349-50.

We overrule these issues.

---

court did not expressly overrule Frankoff's "objections."

[16] Moreover, we note that a trial court's ruling on a motion in limine preserves nothing for appellate review. *See Greenberg Traurig of N.Y., P.C. v. Moody*, 161 S.W.3d 56, 91 (Tex. App.—Houston [14th Dist.] 2004, no pet.)

19

We affirm the judgment of the trial court.


/s/        Martha Hill Jamison
Justice

Panel consists of Justices Jamison, McCally, and Busby.