ACCEPTED
04-15-00287-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
7/29/2015 6:37:13 PM
KEITH HOTTLE
CLERK

**No. 04-15-00287-CV**

_____

IN THE COURT OF APPEALS
FOR THE FOURTH JUDICIAL DISTRICT OF TEXAS
AT SAN ANTONIO

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
07/29/2015 6:37:13 PM
KEITH E. HOTTLE
Clerk

_____

CECIL ADAMS and MAXINE ADAMS,
Appellants,

v.

HARRIS COUNTY, REBECCA ROSS, KATHLEEN KEESE, and
CHRISTOPHER A. PRINE, Clerk of the Court,
Appellees.

_____

On Appeal from the 269th District Court
Harris County, Texas
District Court Cause No. 2014-35653

_____

**BRIEF OF APPELLEE HARRIS COUNTY**

_____

VINCE RYAN
Harris County Attorney

*/s/* Keith A. Toler
_____
KEITH A. TOLER
Assistant County Attorney
State Bar No. 24088541
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5265
Fax: (713) 755-8924
Email: Keith.Toler@cao.hctx.net

ATTORNEY FOR APPELLEE
HARRIS COUNTY

**ORAL ARGUMENT NOT REQUESTED**

## IDENTITY OF PARTIES AND COUNSEL

In accordance with Texas Rule of Appellate Procedure 38.2(a), Appellee Harris County provides the following minor correction to Appellants' list of parties' counsel. Lead appellate counsel for Harris County is Keith Toler. Clinton Gambil and Brian Quintero remain lead counsel for Harris County and Chris Daniels, respectively, only in the trial court below. Mr. Toler's information is as follows:

Keith A. Toler
Assistant County Attorney
Office of Harris County Attorney
State Bar No. 24088541
1019 Congress, 15th Floor
Houston, Texas, 77002
Phone: (713) 274-5265
Fax: (713) 755-8924
Email: Keith.Toler@cao.hctx.net

ATTORNEY FOR APPELLEE
HARRIS COUNTY

# TABLE OF CONTENTS

Identity of Parties and Counsel ................................................................................ ii

Table of Contents ..................................................................................................... iii

Index of Authorities ................................................................................................ iv

Statement of the Case ................................................................................................2

Issue Presented ..........................................................................................................2

Statement of Facts .....................................................................................................2

Summary of the Argument .........................................................................................4

Argument ...................................................................................................................5

Prayer ........................................................................................................................8

Certificate of Compliance .......................................................................................10

Certificate of Service ..............................................................................................11

# INDEX OF AUTHORITIES

**Cases**                                                                            **Page**

*Allegiance Hillview, L.P. v. Range Tex. Prod., LLC*,
    347 S.W.3d 855 (Tex. App.—Fort Worth 2011, no pet.) ...............................7

*Burnett Ranches, Ltd. v. Cano Pet., Inc.*,
    289 S.W.3d 862 (Tex. App.—Amarillo 2009, pet. denied) ...........................6

*Carter v. Attorney Gen. of Texas*,
    No. 04-13-00424-CV, 2014 WL 3843954
    (Tex. App.—San Antonio, Aug. 6, 2014, no pet.) .........................................5

*Castro v. Ayala*,
    --- S.W.3d ---, No. 08-12-00142-CV, 2014 WL 1938837
    (Tex. App.—El Paso 2013, no pet) ............................................................6, 7

*Devine v. Dallas Cnty.*,
    130 S.W.3d 512 (Tex. App.—Dallas 2004, no pet.) ......................................6

*ERI Consulting Eng'rs v. Swinnea*,
    318 S.W.3d 867 (Tex. 2010) ........................................................................7

*Frankoff v. Norman*,
    448 S.W.3d 75 (Tex. App.—Houston [14th Dist.] 2014, no pet.) .................6

*Fredonia State Bank v. Gen. Am. Life Ins. Co.*,
    881 S.W.2d 279 (Tex. 1994) .........................................................................6

*Gonzalez v. VATR Constr. LLC*,
    418 S.W.3d 777 (Tex. App.—Dallas 2013, no pet.) ......................................6

*Gurka v. Gurka*,
    402 S.W.3d 341 (Tex. App.—Houston [14th Dist.] 2013, no pet.) ...............6

*Mansfield State Bank v. Cohn*,
    573 S.W.2d 181 (Tex. 1978) .........................................................................5

*Republic Underwriters Ins. v. Mex-Tex, Inc.*,
    150 S.W.3d 423 (Tex. 2004) .........................................................................5

*San Saba Energy, L.P. v. Crawford*,
   171 S.W.3d 323 (Tex. App.—Houston [14th Dist.] 2005, no pet.) ................6

*Sink v. Sink*,
   364 S.W.3d 340 (Tex. App.—Dallas 2012, no pet.) ...................................6, 7

*Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*,
   106 S.W.3d 118 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) ............6

*WorldPeace v. Comm'n for Lawyer Discipline*,
   183 S.W.3d 451 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) .........6

**Rules**

Tex. R. App. P. 38.1 ......................................................................................5, 6

Tex. R. App. P. 38.2 ..........................................................................................2

Tex. R. App. P. 41.3 ..........................................................................................5

**No. 04-15-00287-CV**

_____

IN THE COURT OF APPEALS
FOR THE FOURTH JUDICIAL DISTRICT OF TEXAS
AT SAN ANTONIO

_____

CECIL ADAMS and MAXINE ADAMS,
Appellants,

v.

HARRIS COUNTY, REBECCA ROSS, KATHLEEN KEESE, and
CHRISTOPHER A. PRINE, Clerk of the Court,
Appellees.

_____

On Appeal from the 269th District Court
Harris County, Texas
District Court Cause No. 2014-35653

_____

**BRIEF OF APPELLEE HARRIS COUNTY**

_____

TO THE HONORABLE JUSTICES OF THE COURT OF APPEALS:

Appellee Harris County files its brief in response to the Appellants' brief,

respectfully showing this Court the following:

1

## STATEMENT OF THE CASE

| | |
|---|---|
| *Nature of the Case* | Interpleader suit by Harris County involving funds deposited in the Harris County District Court's registry by Appellee Ross pursuant to a final judgment in Cause Number 2010-12207, 269th District court, *Maxine Adams and Cecil Adams v. Rebecca Ross*. (C.R. at 6–11). |
| *Trial Court* | 269th District Court, Harris County, Texas, the Honorable Dan Hinde |
| *Course of Proceedings & Trial Court Disposition* | The district court denied Appellants' motion to dismiss Harris County's interpleader action. (C.R. at 229). The district court granted Appellee Prine's plea to the jurisdiction. (C.R. at 231). Appellants' Notice of Appeal challenged both interlocutory orders. (C.R. at 259). Trial is set for August 17, 2015. (C.R. at 294). |

## ISSUE PRESENTED

Whether Appellants waived their appeal of the district court's denial of Appellant's motion to dismiss Harris County's interpleader suit by failing to raise the issue in Appellants' Brief.

## STATEMENT OF FACTS

Pursuant to Texas Rule of Appellate Procedure 38.2, Appellee Harris County challenges and supplements the Appellants' Statement of Facts with the following information.

This interpleader action arose out of a previous landlord-tenant lawsuit between Appellants and Appellee Ross. Appellants, who are husband and wife,

jointly won damages in that lawsuit but appealed several issues. After a garnishment by Appellants on Ross while the appeal was pending, Ross deposited the balance of the judgment due into the court's registry, which represents the corpus of the interpleader action. Appellants did not prevail on their appeal. [1]

During the previous lawsuit between Appellants and Ross, one of the Appellant spouses was granted pauper status for a period during the proceedings. The appellate mandate created questions for the District Clerk and others.[2]

Harris County filed this interpleader action on June 20, 2014, relating to putative claims and funds awarded from the litigation between Appellants and Ross. The parties included (1) Appellants, tenants; (2) Ross, landlord; (3) Keese, court reporter; (4) Harris County through services of its District Clerk; (5) Prine, Court Clerk of the Fourteenth Court of Appeals of Texas; and (6) the State of Texas. Harris County seeks an order from the district court determining the proper partition of the money in the court's registry.[3]

In this litigation, Appellants have filed numerous motions in the district court.[4] Two of those motions, decided against Appellants, are at issue in this

---

[1]    C.R. at 8 (Harris County's Petition in Interpleader in the district court below, June 20, 2014).

[2]    C.R. at 8–9.

[3]    C.R. at 6–11.

[4]    C.R. at 13–16, 32–36, 66–68, 69–71, 106–07, 116–21, 128–29, 140–48, 183–85, 186–88, 232–37, 238–40.

appeal. According to the Notice of Appeal, Appellants seek interlocutory review of two orders issued by the district court on March 13, 2015: (1) order sustaining Appellee Prine's plea to the jurisdiction and dismissing with prejudice the Adams's cross- or counter-claims against Prine; and (2) order denying the Adams' motion to dismiss Harris County's Interpleader Action.[5]

However, Appellants' Brief does not address their motion to dismiss the interpleader action. Instead, the Adams briefed only the plea to the jurisdiction issue.[6] In their Brief, the Adams prayed that this court "(1) revers[e] . . . the order granting Mr. Prine's plea to the jurisdiction and (2) in the interest of justice . . . that this Court will review pending motions for review of interlocutory orders that impairs the effectiveness of the relief sought or that may be granted on appeal."[7]

## SUMMARY OF THE ARGUMENT

Appellants failed to brief their arguments, if any, challenging the district court order denying Appellants' motion to dismiss Harris County's interpleader action. To raise a claim on appeal, Appellants were required to, but did not, argue

---

[5] C.R. at 259–62 (Notice of Appeal, Apr. 2, 2015); C.R. at 229 (Order granting Appellee Prine's plea to the jurisdiction, Mar. 13, 2015); C.R. at 241 (Amended order granting Appellee Prine's plea to the jurisdiction, Mar. 16, 2015); C.R. at 231 (Order denying Adams's motion to dismiss, Mar. 13, 2015).

[6] *See generally* Adams' Appellate Brief, June 19, 2015.

[7] *Id.* at 11.

the claim and cite to legal authority. An appellee can hardly argue against an argument that was never made.

Moreover, this is the only issue directed at Harris County because, unlike the plea to the jurisdiction, Appellants' motion to dismiss was directed at Harris County's interpleader petition. Therefore, the only issue raised against Harris County was abandoned by Appellants' failure to address the issue in their Brief.

## ARGUMENT

Appellants waived any argument on appeal regarding the district court's denial of Appellants' motion to dismiss the interpleader action.[8] An appellant waives any issue that is not properly supported in the party's brief.[9] To properly support an argument, Texas Rule of Appellate Procedure 38.1(i) requires a brief to "contain a clear and concise argument for the contentions made, with appropriate

---

[8] This is the only challenge directed at Harris County. Appellants' other issue regarding the district court's grant of Appellee Prine's plea to the jurisdiction is not directed at Harris County and is not discussed in this Brief.

[9] *Republic Underwriters Ins. v. Mex-Tex, Inc.*, 150 S.W.3d 423, 427 (Tex. 2004). To the extent that precedent from this Court is inconsistent with precedent of the First Court of Appeals from which this case was transferred by order of the Texas Supreme Court, this Court "must decide the case in accordance with the precedent of the [First Court of Appeals] under principles of stare decisis . . . " Tex. R. App. P. 41.3.

A pro se litigant is held to the same standard as litigants represented by counsel "or else they would be given an unfair advantage over litigants represented by counsel." *Mansfield State Bank v. Cohn*, 573 S.W.2d 181, 184–85 (Tex. 1978) (citations omitted). *See also Carter v. Attorney Gen. of Texas*, No. 04-13-00424-CV, 2014 WL 3843954, at *4 (Tex. App.—San Antonio, Aug. 6, 2014, no pet.) (overruling pro se litigant's issues that were "not adequately briefed under Rule 38.1 . . . ").

5

citations to authorities and to the record."[10] An appellant must argue that specific legal authority supports her position based on the facts in the record.[11]

An appellant's "failure to provide appropriate record citations or a substantive analysis waives an appellate issue."[12] As the Fifth Court of Appeals has explained,

> Stated otherwise, an appellant must provide such a discussion of the facts and the authorities relied upon as may be requisite to maintain the point at issue. "This is not done by merely uttering brief conclusory statements, unsupported by legal citations." Appellate courts must construe briefing requirements reasonably and liberally, but a party asserting error on appeal still must put forth some specific argument and analysis showing that the record and the law support his contention.[13]

---

[10] Tex. R. App. P. 38.1(i).

[11] *See, e.g.*, *Frankoff v. Norman*, 448 S.W.3d 75, 87–88 (Tex. App.—Houston [14th Dist.] 2014, no pet.) (finding waiver of error because appellant included no legal argument or analysis explaining how trial court ruling was abuse of discretion); *Castro v. Ayala*, --- S.W.3d ---, No. 08-12-00142-CV, 2014 WL 1938837, at *5 (Tex. App.—El Paso 2013, no pet) (finding waiver of several arguments because appellant provided no analysis or authority to support issue on appeal); *Burnett Ranches, Ltd. v. Cano Pet., Inc.*, 289 S.W.3d 862, 870 (Tex. App.—Amarillo 2009, pet. denied) (finding waiver of error where argument was conclusory on some issues and failed to explain why objections were deficient).

[12] *Fredonia State Bank v. Gen. Am. Life Ins. Co.*, 881 S.W.2d 279, 284–85 (Tex. 1994); *Gonzalez v. VATR Constr. LLC*, 418 S.W.3d 777, 783 (Tex. App.—Dallas 2013, no pet.) (citing *WorldPeace v. Comm'n for Lawyer Discipline*, 183 S.W.3d 451, 460 (Tex. App.—Houston [14th Dist.] 2005, pet. denied); *Devine v. Dallas Cnty.*, 130 S.W.3d 512, 513–14 (Tex. App.—Dallas 2004, no pet.). *See also Sink v. Sink*, 364 S.W.3d 340, 345 (Tex. App.—Dallas 2012, no pet.) (citations omitted) ("Bare assertions of error, without argument or authority, waive error.")

[13] *Gonzalez*, 418 S.W.3d at 784 ((citing and quoting *Tesoro Petroleum Corp. v. Nabors Drilling USA, Inc.*, 106 S.W.3d 118, 128 (Tex. App.—Houston [1st Dist.] 2002, pet. denied) (citing also *San Saba Energy, L.P. v. Crawford*, 171 S.W.3d 323, 338 (Tex. App.—Houston [14th Dist.] 2005, no pet.)). *See also Gurka v. Gurka*, 402 S.W.3d 341, 349–50 (Tex. App.—Houston [14th Dist.] 2013, no pet.) (overruling issue where appellants "offer[ed] no analysis or citation to authority supporting their position that the trial court abused its discretion . . . ").

If an issue is not properly briefed, an appellate court has "no duty, or even right, to perform an independent review of the record and applicable law to determine if there was error."[14]

Here, Appellants abandoned their challenge to the district court order denying Appellants' motion to dismiss the interpleader action. Appellants raised the issue in the Notice of Appeal. However, Appellants failed to mention that order at all in their Brief, much less provide a sufficient discussion to maintain the point at issue. Appellants put forth no argument or analysis showing that the record and the law support their contentions. Instead, Appellants' brief focused exclusively on their challenge to the district court order granting Appellee Prine's plea to the jurisdiction.[15]

The closest Appellants came to raising the issue regarding the motion to dismiss is in the final sentence of the prayer section of Appellants' Brief, which states that "in the interest of justice, pursuant to TEX. R. APP. P. 29.6 Adams pray that this Court will review pending motions for review of interlocutory orders that

---

[14]  *Sink*, 364 S.W.3d at 346 (citations omitted). *See also Castro*, 2014 WL 1938837, at *5 (citing *ERI Consulting Eng'rs v. Swinnea*, 318 S.W.3d 867, 880 (Tex. 2010); *Allegiance Hillview, L.P. v. Range Tex. Prod., LLC*, 347 S.W.3d 855, 873 (Tex. App.—Fort Worth 2011, no pet.)) ("We are under no obligation to make an appellant's arguments for her and when an issue is inadequately briefed, lacking a substantive analysis and citation to legal authority, it presents nothing for our review.").

[15]  Indeed, Appellants' Brief lists Prine as an "Appellee" whereas Appellants only list Harris County as an "Additional Part[y] to the Suit," which is further proof that Appellants abandoned their appeal against Harris County. Brief at i (Identity of Parties and Counsel).

7

impairs the effectiveness of the relief sought or that may be granted on appeal."[16] This is wholly insufficient to maintain a claim or provide any point of argument against which Appellee Harris County may attempt to refute. Therefore, Appellants have waived their appeal of the district court's order denying Appellants' motion to dismiss the interpleader action.[17]

## PRAYER

Appellants abandoned their challenge to the district court order denying Appellants' motion to dismiss Harris County's interpleader action by failing to address or provide any argument in support of their contentions in Appellants' Brief. Therefore, Appellants have waived this argument on appeal.

For these reasons, Appellee Harris County respectfully prays that this Court find that Appellants have waived any challenge to the district court order denying Appellants' motion to dismiss, find that the district court order denying Appellants' motion to dismiss be affirmed, and grant any and all relief to which Appellee Harris County shows itself entitled.

Respectfully submitted,

VINCE RYAN
Harris County Attorney

---

[16]     C.R. at 11.

[17]     In the unlikely event that this Court disagrees that the Appellants waived their appeal of the district court order denying Appellants' motion to dismiss, Appellee Harris County respectfully requests leave to supplement its Brief.

8

/s/ Keith A. Toler

KEITH A. TOLER
Assistant County Attorney
State Bar No. 24088541
1019 Congress, 15th Floor
Houston, Texas 77002
Phone: (713) 274-5265
Fax: (713) 755-8924
Email: Keith.Toler@cao.hctx.net

ATTORNEY FOR APPELLEE
HARRIS COUNTY

## CERTIFICATE OF COMPLIANCE

Pursuant to Texas Rule of Appellate Procedure 9.4(i)(3), I certify that this document was produced on a computer using Microsoft Word and contains 1,767 words, as determined by the computer software's word-count function, excluding the portions of the document exempted by Texas Rule of Appellate Procedure 9.4(i)(1). I further certify that the form of this brief meets the requirements of Texas Rule of Appellate Procedure 9.4.

*/s/* Keith A. Toler
KEITH A. TOLER
Assistant County Attorney

**CERTIFICATE OF SERVICE**

I hereby certify that on this the 29th day of July, 2015, a true and correct copy of the foregoing was served by electronic transmission and certified mail, return receipt requested, to Appellants Cecil and Maxine Adams, and by electronic transmission to counsel for the other parties.

Cecil & Maxine Adams
5510 Rice, #1206
Houston, Texas 77081
cecillovesmax@sbcglobal.net
Pro Se, Appellants
*Sent via certified mail and email*

Jayson Booth
Booth Richey, LLP
3730 Kirby Dr., Ste. 777
Houston, Texas 77098
jbooth@boothricheylaw.com
Attorney for Kathleen Keese, Appellee
*Sent via electronic transmission*

Christin Cobe Vasquez
Office of Texas Attorney General
P.O. Box 12548
Austin, Texas 78711-2548
christin.vasquez@texasattorneygeneral.gov
Attorney for Christopher A. Prine, Appellee
*Sent via electronic transmission*

Timothy J. Henderson
Attorney at Law
6300 West Loop South, Ste. 280
Houston, Texas 77401
timjhenderson@msn.com
Attorney for Rebecca Ross, Appellee
*Sent via electronic transmission*

/s/ Keith A. Toler
KEITH A. TOLER
Assistant County Attorney